NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MICHAEL TARASKA, *Plaintiff/Appellant*,

*v.*

ARINA TARASKA, *Defendant/Appellee*.

No. 1 CA-CV 18-0391
FILED 4-2-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2017-009146
The Honorable Rosa Mroz, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Michael Taraska, Phoenix
*Plaintiff/Appellant*

Arina Taraska, Surprise
*Defendant/Appellee*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

**¶1**   Michael Taraska ("Michael") appeals from the dismissal of his defamation complaint.  For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

**¶2**   Michael sued his ex-wife Arina Taraska ("Arina") for defamation.  Michael alleged that Arina published a post on social media containing false information about his care of their minor child shortly after the parties' divorce was finalized.

**¶3**   Arina moved to dismiss the complaint, contending that Michael's complaint was precluded by the consent decree in their divorce case (the "Consent Decree").  Specifically, in the Consent Decree, the parties stipulated that "[e]ach party hereby releases all past and future claims against each other.  Neither party shall use information obtained during these proceedings to sue the other party" (the "Release").

**¶4**   Additionally, Arina contended that Michael violated Arizona's Anti-SLAPP law, Arizona Revised Statutes ("A.R.S.") section 12-751, et seq., and requested her reasonable attorneys' fees and costs under §§ 12-752(D), -341, -341.04, -349, -3201 and Arizona Rule of Civil Procedure ("Rule") 41(d).  Arina also requested that Michael be declared a vexatious litigant.

**¶5**   In response, Michael relied on the court's ruling in a previous defamation complaint he filed against Arina (the "First Case").  In the First Case, Arina's motion to dismiss was denied.  Michael alleged that the superior court found that the allegations in that complaint were sufficient to survive a motion to dismiss, but it dismissed his complaint on procedural grounds.  Michael also argued that the Release does not preclude him from filing the instant defamation lawsuit.

**¶6** In this case, the superior court granted Arina's motion, finding that Michael's defamation claim was precluded by the Release. The court noted that not all types of future claims may be reasonably contemplated by the Release, such as criminal activity. The court denied Arina's request for fees and costs under § 12-752(D) because the Anti-SLAPP law was inapplicable. The court also denied Arina's request to have Michael deemed a vexatious litigant. The court entered a signed minute entry containing a certification of finality pursuant to Rule 54(c) (the "First Judgment").

**¶7** After the court dismissed Michael's claim, Arina applied for attorneys' fees and costs under §§ 12-341, -341.01 and -349, noting that the superior court only denied her fees and costs request under § 12-752(D). Michael moved to strike the fee request, arguing Arina failed to request an amended judgment under Rule 54(h)(2)(c) and failed to request her fees on a timely basis.

**¶8** Michael filed a notice of appeal, and Arina filed a notice of cross-appeal.

**¶9** The superior court treated Michael's motion to strike as a response to Arina's fee application. The court ultimately denied Arina's fee request as untimely but noted that if timely, it would have treated the request as a motion to amend the judgment and granted fees under §§ 12-341 and -341.01, but not -349.

**¶10** We dismissed the appeal and cross-appeal because Arina's request for attorneys' fees was not fully resolved prior to entry of the First Judgment. We held the First Judgment's Rule 54(c) finality language was inappropriate, and, therefore, we lacked jurisdiction over the appeal.

**¶11** Arina then moved to reconsider her fee request because the First Judgment was not final, and under Rule 54(g)(2), her fee request was timely. The superior court granted Arina's motion to reconsider and ordered Arina to submit a fee application.

**¶12** Michael also moved to reconsider, arguing he should have been afforded the opportunity to amend his complaint. In response, Arina argued that any amendment to the complaint would be futile because the Release precludes Michael's defamation action. The court denied Michael's motion, and also clarified that it did not consider any of the attachments to Arina's motion to dismiss other than the Consent Decree.

**¶13**     The superior court ultimately awarded Arina $10,000 in attorneys' fees and $596.21 in costs pursuant to A.R.S. §§ 12-341 and -341.01 and entered final judgment in Arina's favor.  Michael timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶14**     We review *de novo* the dismissal of a complaint under Rule 12(b)(6).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  We assume the truth of all well-pleaded factual allegations and resolve all reasonable inferences in favor of the plaintiff.  *Yahweh v. City of Phoenix*, 243 Ariz. 21, 22, ¶2 (App. 2017).  Dismissal is appropriate under Rule 12(b)(6) only if, "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Coleman*, 230 Ariz. at 356, ¶ 8 (citation omitted).

I.     We Do Not Have Enough Information to Determine If the Release Precludes Michael's Cause of Action.

**¶15**     We must take Michael's allegation that Arina's social media post "stated false information about Plaintiff with respect to his care of his minor child and served to solicit potential readers to harm and/or injure Plaintiff" as true when evaluating Arina's motion to dismiss.  *Yahweh*, 243 Ariz. at 22, ¶2.  Neither Michael nor Arina provided the superior court or this court with the actual language of the social media post.

**¶16**     The superior court dismissed Michael's complaint because it determined that Michael's defamation claim was precluded by the Release.  In the Release, the parties stipulated that "[e]ach party hereby releases all past and future claims against each other.  Neither party shall use information obtained during these proceedings to sue the other party."

**¶17**     Considering the first sentence of the Release in the abstract, "[e]ach party hereby releases all past and future claims against each other," we reach the same conclusion as the superior court.  That is, Michael's defamation claim was precluded by the Release.  However, in interpreting a contract, we do not construe one term in a way that renders another meaningless.  *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 478, ¶ 56 (App. 2010).  As a corollary, each part of a contract must be read together, "to bring harmony, if possible, between all parts of the writing."  *Gesina v. Gen. Elec. Co.*, 162 Ariz. 39, 45 (App. 1988).  Therefore, we must read the two sentences of the Release together.

¶18        The second sentence of the Release, "[n]either party shall use information obtained *during these proceedings* to sue the other party" (emphasis added), clearly limits the Release to conduct that occurred during the divorce proceedings.  Accordingly, read together, we read the Release as limiting the parties' future claims release to claims that relate to events which occurred during the divorce proceedings.

¶19        Without knowing the exact language of the social media post, we do not have enough information to determine whether the Release precludes Michael's claim.  For example, although we assume as true that Arina made the allegedly defamatory social media post after the Consent Decree was entered, we do not know when the alleged conduct related to Michael's care of the parties' child occurred.  If the conduct announced in the social media post related to Michael's care of his son occurred before the Consent Decree was entered, the Release would preclude the defamation claim because it was based on "information obtained during" the divorce proceedings.  If, however, *the conduct* Michael is said to have engaged in and Arina subsequently published occurred *after* the entry of the Consent Decree, Michael's defamation claim could survive a motion to dismiss.  Because we do not know when the conduct referenced in the social media post is said to have occurred, we cannot conclusively determine whether the Release precludes Michael's claim.  Therefore, we must reverse the superior court's dismissal and remand for further proceedings.

II.    To the Extent the Consent Decree is Ambiguous, Extrinsic Evidence Must Be Reviewed to Determine the Parties' Intent.

¶20        Alternatively, assuming the Consent Decree can be read in a manner different than we read it, we must also reverse the dismissal and remand to determine the intent of the parties.

¶21        Arina argued that the parties unambiguously agreed to release all future claims, including the instant defamation claim.  Arina argued that the Release was added "to hopefully impede plaintiff from filing harassing claims such as the instant action[.]"  Arina admitted that not all future claims would be covered by the Release, specifically naming personal injury claims or criminal activity.

¶22        On the other hand, Michael argued that the superior court's interpretation was the opposite of his understanding of the Release. Michael alleged that he understood the Release to bar any claims that could have been brought whether known or unknown based upon the past divorce proceedings, "never contemplat[ing] a release of claims which

could accrue in the future[.]" Given the differing opinions, Michael argued that the Consent Decree is "inherently and objectively ambiguous."

¶23 Our role in interpreting a contract is to ascertain and enforce the parties' intent. *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 15 (App. 2010). To determine the parties' intent, we "look to the plain meaning of the words as viewed in the context of the contract as a whole." *United Cal. Bank v. Prudential Ins. Co.*, 140 Ariz. 238, 259 (App. 1983). When the terms of a contract are plain and unambiguous, its interpretation is a question of law for the court. *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 277 (App. 1993). If the contract language is reasonably susceptible to more than one meaning, extrinsic evidence may be admitted to interpret the contract. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 158-59 (1993).

¶24 Both Arina's attorney and Michael filed affidavits providing the superior court with their respective understanding of the divorce negotiations. The superior court specifically stated that it relied only on the Consent Decree in considering the motion, and we have no reason to doubt the court's assertion. However, to determine the intent of the parties, the court must look to extrinsic evidence, which would require the court to treat Arina's motion to dismiss as one for summary judgment. Ariz. R. Civ. P. 12(d) (stating if the court considers "matters outside the pleading" on a motion to dismiss, it must treat the motion as one for summary judgment).

¶25 Since the motion to dismiss was not converted into one for summary judgment, we also reverse the court's dismissal of Michael's complaint on this basis and remand for further proceedings.

¶26 Because we are reversing the court's dismissal order, we also reverse its fee award to Arina without prejudice to the court's consideration of her fee request upon its resolution of Michael's defamation claim.

III.    The Superior Court Did Not Abuse Its Discretion in Denying Michael's Requests for Oral Argument.

¶27 Finally, Michael argues that the superior court violated Maricopa County Rule ("Local Rule") 3.2(d) by failing to grant oral argument. Local Rule 3.2(d) provides, in relevant part, that if in a motion, response or reply a party requests oral argument, the court "may, in its discretion, order, allow, or deny oral argument . . . consistent with the Arizona Rules of Civil Procedure."

¶28        Local Rule 3.2(d), however, does not require the superior court to hold oral argument upon request.  Courts may rule "without oral argument, even if oral argument is requested."  Ariz. R. Civ. P. 7.1(d).  *See also Cristall v. Cristall*, 225 Ariz. 591, 597, ¶ 29 (App. 2010).  Thus, the court has discretion to, as it did here, grant or deny a request for oral argument.

## CONCLUSION

¶29        For the foregoing reasons, we reverse and remand this matter to the superior court for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA